THE CITY OF NEW YORK, Respondent, *v.* THE OTTO SARONY Co., Appellant.

(Supreme Court, Appellate Term, January, 1904.)

New York city — Revised Ordinances, §§ 330, 331, as to projections from the house line on Broadway south of 59th street — Construction of general words in a statute or ordinance.

A stationary awning, made of glass and iron, located over the entrance to a building on Broadway near 27th street in the city of New York and projecting from the Broadway house line about five feet is a violation of sections 330 and 331 of the Revised Ordinances of said city.

The rule of construction that general words, in a statute or ordinance, are usually limited to things *ejusdem generis* does not apply where such words are followed by exceptions indicating that the users of the words understood the general words to have the broad scope which would be given them if they stood alone.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York in favor of the plaintiff.

Maurice Goodman, for appellant.

George L. Rives, Corporation Counsel (Arthur F. Crosby, of counsel), for respondent.

GREENBAUM, J.   This action was brought to recover a penalty "for making, building or erecting and continuing to maintain daily" for a specific period, "a glass and iron marquise awning over the entrance to the building, No. 1177 Broadway, borough of Manhattan, city of New York, extending over the sidewalk and projecting into Broadway at said No. 1177 Broadway, in violation of sections 330 and 331, of the Revised Ordinances of the city of New York."

The ordinances in question read as follows:  "§ 330.  No areas, steps, courtyards, or other projections, except show windows not exceeding eighteen inches in width, and signs not projecting more than twelve inches from the house line

shall hereafter be built, erected, or made upon Broadway, to the south of Fifty-ninth street, and all buildings hereafter after erected, shall conform to and be upon the street line of such street.

"§ 331. Any person or persons who shall hereafter make, build or erect any areas, steps, stoop, courtyards, or other projection in contravention of this ordinance, shall be guilty of a misdemeanor, and shall in addition thereto, be liable for a penalty of ten dollars for such offense, and for ten dollars for each and every day that such offense shall continue."

The undisputed facts are, that the defendant maintained over the entrance to the building in question a stationary awning of ornamental design, constructed of prismatic glass and iron and known as a "marquise," which projected about five feet from the house line on Broadway, near Twenty-seventh street.

Judgment was rendered against the defendant who contends that the structure complained of is not a violation of the sections above quoted.

The precise point made by the appellant is that the general words "or other projections" contained in the ordinance, following the specific ones, referring to "areas, steps and courtyards" are to be limited to things of the same general character as those specifically described.

The rule of construction here invoked that general words are usually limited to things in *ejusdem generis* rests upon the theory that such a rule of interpretation reaches the intention of the parties to a contract or of the lawmakers in the case of a statute or ordinance.

The true purpose of construction is to ascertain the real meaning or intent of the parties who had the power to frame the words.

No artificial or automatic rule of construction may be indulged in to defeat the true meaning, if a reading of the entire instrument, statute or ordinance unerringly indicates that meaning.

In the Matter of Reynolds, 124 N. Y. 394–399, several illustrations taken from well-reasoned cases will be found where the rule of construction here urged by the appellant

was not adopted, because the general words were followed by exceptions which indicated that the persons using the words understood that general words had the broad scope which would be given to them if they stood alone.

In the case here presented, we find following the words " other projections " the words " except show windows, not exceeding eighteen inches in width and signs not projecting more than twelve inches from the house line."

By no stretch of the imagination can it be said that " show windows " or signs would come within the class of structures known as " areas, steps or courtyards," and the conclusion irresistibly follows that the exceptions mentioned in the ordinance indicate an unmistakable intention on the part of the lawmakers to give the full meaning and effect to the words " other projections " that they would have if they stood alone.

Nor can the narrow construction claimed by the defendant, that the projections relate to such as are actually obstructions upon the sidewalk, be upheld, upon the ground that the intent of the framers of the ordinance was to prevent such obstructions upon Broadway.

On the contrary, it is apparent, from the fact that signs and show windows which do not necessarily actually obstruct the highway are mentioned in the ordinance, that the lawmaking powers had in view the prohibition of all projections from the houses along Broadway below Fifty-ninth street, excepting to a limited extent therein permitted.

The violation was clearly established and the judgment should be affirmed.

FREEDMAN, P. J., and GILDERSLEEVE, J., concur.

Judgment affirmed, with costs.